# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| JAMES F. PEDERSEN, JR., <br><br> Plaintiff, <br><br> vs. <br><br> OCEAN MARINE ENGINES, LLC, OME SALES, LLC, and GREGORY H. SLAYTON, <br><br> Defendants. | CV 214-77 |

### ORDER

Before this Court is Plaintiff's Motion for Ex Parte Emergency Equitable Relief in accordance with Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to that rule, a temporary restraining order may be granted without notice to the adverse party only if:

(1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adversary party can be heard in opposition; and

(2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

## I. Findings of Fact

In this case, Plaintiff has filed a Verified Complaint stating that Defendants Ocean Marine Engines, LLC, OME Sales, LLC, and Gregory H. Slayton breached a contract with Plaintiff for the provision of two remanufactured Caterpillar brand C-18 diesel marine engines custom-made to fit Plaintiff's sport fishing vessel. Defendants were supposed to deliver the engines by March 21, 2014—that is, three weeks after the parties entered into the contract—but have neither delivered the engines nor informed Plaintiff when he should expect delivery.

Defendants have been unresponsive to certain demands, but have attempted to assure Plaintiff of their ability and intent to perform by providing certain photographs of equipment and parts purportedly to be used to satisfy Defendants' contractual obligation. Plaintiff, on information and belief, does not believe that the engines and parts in these pictures were actually fitted to fulfil Plaintiff's order. In total, Plaintiff has paid $70,350 to Defendants, but has received nothing in return.

## II. Conclusions of Law

To merit a preliminary injunction, the movant must show that:

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). For an ex parte temporary restraining order, the movant must also show that the irreparable injury is so imminent that notice and a hearing would be impractical if not impossible. Royal v. Reese, No. 1:14-cv-0025-WSD, 2014 WL 49872, at *2 (N.D. Ga. Jan. 7, 2014).

Plaintiff's Complaint sets forth facts that set out a prima facie case for breach of contract and fraud. Based on these facts, the Court also finds a substantial likelihood of success on the merits.

The threat of injury to the movant—in having no source of assets to satisfy a judgment if the identified property is transferred from Defendants—substantially outweighs the damage that may be caused to Defendants in not being able to dispose of property that purportedly is meant to satisfy their existing contractual obligation with Plaintiff.

A temporary restraining is not adverse to the public interest, and may actually further the public interest in preventing further perpetration of the alleged fraudulent scheme.

Lastly, Plaintiff's injury is manifested by the $70,350 paid out to Defendants and his not yet receiving the engines to enhance the functionality of his boat. This injury may be irreparable because Plaintiff has raised the probability of fraud from the facts of this case, as well as from other cases implicating Defendants in a pattern of fraudulent activity. This, along with an outstanding six-figure judgment within the last year against Slayton, establishes more than a possibility that Defendants are insolvent and that engines might be disposed of, to the degree that the engines and parts actually exist; thus, there may never be an actual recovery without preserving the status quo. A temporary restraining order is properly issued without notice to Defendants because there is a tangible risk of them acting to quickly dispose of the property. Entry of this order assures retention of the assets and blunts the threat of imminent dissipation.

Based on the foregoing and the specific facts in the Verified Complaint, Plaintiff has clearly shown that immediate

and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and the Court is of the opinion that a temporary restraining order should be issued.

Therefore, a temporary restraining order is issued as follows:

1. Defendants, their officers, agents, servants, employees, and attorneys are restrained from selling, exchanging, encumbering, pledging, disposing of or otherwise transferring the engines or any parts thereof, as specifically identified here:

    - Two Reman Caterpillar C-18 Marine Engines, 1050 Hp, 12 Vdc, SAE #1, Heat Exchanged Raw Water Cooled;

    - Twelve Isoflex Isolators;

    - Four Wet Elbows;

    - Two Electronic Throttle Control With Harness (Engine room cable actuate);

    - Two Option-CAT Panels/Round Gages;

    - Two Custom Wiring Harness for Gages;

    - Two Custom Wet Exhaust Systems Y-Pipes to Rear of Engines;

    - Two PV 101 MPD's;

- Two Starter Solenoids; and
- Two Racor Double 900 Fuel Filters.

2. This temporary restraining order is entered this 29th day of May, 2014, at 12:55 pm.

3. This injunction remains in effect until Tuesday, June 10, 2014, at 2:00 p.m.

4. A hearing on whether to issue a preliminary injunction and grant further equitable relief as requested by Plaintiff is set for the 10th day of June, 2014, at 10:00 a.m.

5. Plaintiff shall serve Defendants, or their residing agent, or their counsel, with a copy of this Order by personal service, and by facsimile transmission or federal express, on or before the day of June 2, 2014 at 5:00 pm. This Court finds that such service is good and sufficient.

6. Defendants shall file and serve their responses to Plaintiff's request for a preliminary injunction, along with any supporting documents, by the 9th day of June, 2014, at 3:00 p.m.

7. This Order is binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service, including facsimile transmission or federal express.

8. Pursuant to Rule 65(c), Plaintiff shall provide $1,000 as security to pay the costs and damages sustained if Defendants are found to be wrongfully enjoined or restrained.

**SO ORDERED**, this 29th day of May, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA